IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COSTAR REALTY INFORMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 4968 |
| | ) | |
| CIVIX-DDI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court is Defendant CIVIX-DDI, LLC's "Motion to Transfer This Case Under 28 U.S.C. § 1404(A)," to the Eastern District of Virginia. (Dkt. No. 14.) For the reasons stated below, the motion is denied.

BACKGROUND

CoStar Realty Information, Inc. ("CoStar") is a Delaware corporation with its principal place of business in Washington, D.C. (Dkt. No. 32 ("First Am. Compl.") ¶ 2.) CIVIX-DDI, LLC ("CIVIX") is a Colorado LLC with a principal place of business in Alexandria, Virginia. (*Id.* ¶ 3.)

CIVIX owns two patents at issue here, U.S. Patent No. 6,385,622 (the "'622 patent") and U.S. Patent No. 6,415,291 (the "'291 patent"). (*Id.* ¶ 1.) The inventors of the patents include W. Lincoln Bouve, who resides in the Eastern District of Virginia, and Steven Oxman, who resides in Maryland.

Prior to the filing of this case, CIVIX has asserted infringement of the patents at issue here in several cases in the Northern District of Illinois. *See CIVIX-DDI, LLC v. Navigation Techs. Corp.*, No. 99-C-4140 (N.D. Ill.); *CIVIX-DDI, LLC v. Motorola, Inc*., No. 03-C-3792 (N.D. Ill.); *CIVIX-*

*DDI, LLC v. Expedia, Inc.*, No. 04-C-8031 (N.D. Ill.); *CIVIX-DDI, LLC v. Nat'l Ass'n of Realtors*, No. 05-C-6869 (N.D. Ill.); *CIVIX-DDI, LLC v. Midwest Real Estate Data, LLC*, No. 10-C-4887 (N.D. Ill.).

On January 3, 2012, CIVIX brought suit against LoopNet, Inc. ("LoopNet") in the Eastern District of Virginia, alleging infringement of the same patents at issue here. (First Am. Compl. ¶ 15.) On April 30, 2012, CoStar acquired LoopNet (First Am. Compl., Ex. E, at 3.) On August 30, 2012, the Eastern District of Virginia transferred the case against LoopNet to the Northern District of Illinois. *CIVIX-DDI, LLC v. LoopNet, Inc.*, No. 12-C-7091 (E.D. Va. Aug. 30, 2012).

LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court may transfer a case under 1404(a) "if the moving party demonstrates that (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the transfer will serve the convenience of parties and witnesses and will serve the interest of justice." *Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992); *see also Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1127 (N.D. Ill. 1989). To determine whether the transfer will serve the convenience of the parties and the interests of justice, the court must make an "individualized, case-by-case" determination. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). Because § 1404(a) does not specify the weight to accord each of the factors, a question that "involves a large degree of subtlety and latitude," the court may weigh them in its "sound discretion." *Coffey v. Van Dorn Iron Works*,

796 F.2d 217, 219 (7th Cir. 1986). The movant, CIVIX, has the burden of establishing that the transferee forum is clearly more convenient. *Id*. Declaratory actions are subject to the same considerations relevant to any other motion to transfer under 1404(a). *See Micron Tech., Inc. v. Mosaid Techs., Inc*., 518 F.3d 897, 904 (Fed. Cir. 2008).

## DISCUSSION

The parties do not dispute that venue is proper here and in the Eastern District of Virginia. The court therefore need consider only whether the Eastern District of Virginia is clearly more convenient than the transferor forum. The court will thus proceed to consider each of the relevant factors.

I.  The Convenience of the Parties

Courts have considered a range of factors to assess the convenience of the parties, including "the plaintiff's choice of forum, the convenience of the witnesses and parties, the situs of material events, and the location of documents and sources of proof." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998).

A.  Plaintiff's Choice of Forum

Courts have historically given the plaintiff's choice of forum "substantial weight" in the transfer analysis. *See United Air Lines*, 8 F. Supp at 798. But the weight given to the plaintiff's choice is reduced where, as here, the plaintiff is not a resident of the district in which it has chosen to litigate. *See Abbott Labs. v. Church & Dwight, Inc*., No. 07-C-3428, 2007 WL 3120007, at *3 (N.D. Ill. Oct. 23, 2007). The importance of the plaintiff's choice of forum is also diminished "if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

The primary connection of the Northern District of Illinois to this litigation is that CIVIX has previously enforced the same patents at issue here in prior litigation in the Northern District of Illinois. CIVIX has also asserted the same patents at issue here against LoopNet, Inc., a company CoStar recently acquired, in the Eastern District of Virginia. (First Am. Compl. ¶ 15.) The *LoopNet* litigation, however, was recently transferred to this District. *CIVIX-DDI, LLC v. LoopNet, Inc.*, No. 12-C-7091 (N.D. Ill.). Because the same patents have already been litigated in this district, providing substantial connections to this district, the court will give CoStar's choice of forum some weight, even though CoStar's principal place of business is in Washington, D.C., not in the Northern District of Illinois.

B. Situs of Material Events

Although CIVIX does not identify a situs of infringement in its motion for transfer, "the material events of a patent infringement case do not revolve around any particular situs." *Medi USA*, 791 F. Supp. at 210. This factor is thus neutral and given no weight.

C. Location of Documents and Sources of Proof

The documents related to CoStar's technology may be at CoStar's headquarters in Washington, D.C. However, because those documents are likely to be produced electronically, the location of the documents is a neutral factor. *Leuders v. 3M Co.*, No. 08-C-2457, 2008 WL 2705444, at *3 (N.D. Ill. July 9, 2008) ("When documents are easily transferable, access to proof is a neutral factor.")

D. Convenience of the Parties

CIVIX's principal place of business is in Alexandria, Virginia. CoStar's principal place of business is in Washington, D.C, which is less than 10 miles away from Alexandria, Virginia. Both parties are thus located in or near the Eastern District of Virginia, suggesting that they would find

it more convenient to litigate in that forum. The court will discount this factor, however, because both parties have chosen to litigate the patents at issue here in this forum, either in this action or in previous cases. Their choices suggests that the inconvenience of litigating in this forum is minimal. This factor thus weighs only slightly in favor of transfer.

  E.  Convenience of the Witnesses

When evaluating the convenience of the witnesses, "the court may consider the following factors: the number of potential witnesses located in the transferor and transferee districts; the expense of transportation and the length of time the witnesses will be absent from their jobs; the nature, quality, and indispensability of the witnesses['] testimony; and whether the witnesses can be compelled to testify." *Medi USA*, 791 F. Supp. at 211.

Because "[c]ourts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them," the inconvenience to CIVIX employees is discounted. *Abbott Labs.*, 2007 WL 3120007, at *4. Of greater significance is the convenience of the non-party witnesses. Two inventors of the patents, Steven Oxman and W. Lincoln Bouve, reside in Maryland and the Eastern District of Virginia, respectively. The Eastern District of Virginia would be more convenient for those two witnesses, so this factor weighs in favor of transfer.

II.  The Interests of Justice

"The final consideration under § 1404(a) is whether a change of venue would serve the interests of justice." *United Air Lines*, 8 F. Supp. 2d at 800. Factors to consider include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Id.* (citations and quotation marks omitted). "The interest of justice may be determinative, warranting transfer or its denial even where the

convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

A. Familiarity with Applicable Law

Both potential venues here are federal district courts applying federal law, and the generalist nature of such courts suggests that they have equal capability in applying federal law. *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012); *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *7 (N.D. Ill. Jan. 12, 2011) ("[T]his is a patent infringement case arising under federal law, and therefore both federal district courts are equally familiar with Title 35 of the United States Code and are capable of presiding over this case."). This factor is neutral.

B. Locale's Interest in Resolving Controversy

Federal courts strive to resolve disputes in their locale. *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Because many locales have an interest in "preventing infringers from operating within [their] borders," however, there is no overriding interest in any forum where, as here, the infringing product is marketed in many states. *Technical Concepts L.P v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *7 (N.D. Ill. Oct. 31, 2002). The Eastern District of Virginia has some interest in vindicating the patent rights of a company headquartered there, so this factor weighs slightly in favor of transfer.

C. Trying Related Litigation Together

By far the most significant factor in this case is the interest of justice in trying related litigation together. "Generally, in order to achieve efficient administration of justice, cases should be transferred to the district where related actions are pending." *Id*. at *6 (quotation marks and citation omitted). "One of the factors given great weight in the interest of justice analysis is the

feasibility of consolidation if the transfer motion is granted." *Solaia Tech., Inc. v. Rockwell Automation, Inc.*, No. 03 C 566, 2003 WL 22057092, at *3 (N.D. Ill. Sept. 2, 2003).

Here, it is likely that this case may be consolidated with the *LoopNet* infringement litigation that was recently transferred to this district. In the Northern District of Illinois, cases are assigned to judges at random. L.R. 40.1; *see also Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 10-cv-4387, 2012 WL 1368193, at *1 (N.D. Ill. Apr. 19, 2012). However, under Local Rule 40.4., "a case may be reassigned to a judge before whom an earlier-filed, related case is pending, in order to preserve judicial resources." *Helferich Patent Licensing*, 2012 WL 1368193, at *1; L.R. 40.4.

Two or more civil cases may be related if "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." L.R. 40.4(a). Under that standard, it is likely that this case is related to the *LoopNet* litigation, because the patents at issue here are the same patents at issue in *LoopNet*. Indeed, CIVIX admits that the issues in this case are "virtually identical" to those in the *LoopNet* litigation. (Dkt. No. 14, at 1.)

Even if two cases are related, they will not be consolidated unless the party moving for reassignment meets its burden of proving that

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The first requirement is plainly present. On the second requirement, it is plain that "[i]t would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the technical and factual issues involved in both cases when it could simply

be handled by one judge." *Helferich Patent Licensing*, 2012 WL 1368193, at *3. Considering the technical issues inherent to the patent claims at issue, and the overlap of claims between this case and the *LoopNet* litigation, this requirement is satisfied. Moreover, there is no danger of delay, because both this case and the *LoopNet* litigation are in an early stage. Finally, both cases are susceptible to disposition in a single proceeding, because the issues of law and fact are the same in both cases. *Id*. Thus, there is a strong likelihood that the current case and the *LoopNet* litigation can be consolidated and resolved together. The interests of justice thus weigh against transfer.

D. Speed to Trial

The median time to trial for all civil cases in the Northern District of Illinois is 27.1 months, and the median time to trial for all cases in the Eastern District of Virginia is 12.3 months. Admin. Office of the U.S. Courts, *Judicial Business of the United States Courts: 2011 Annual Report of the Director* 176 (2012). Nonetheless, the speed of the Eastern District of Virginia can be discounted in light of the savings to judicial economy from the likelihood that the case will be tried with a related case here. This factor of speed to trial weighs weakly in favor of transfer.

III. Balance

After balancing all the relevant factors, the court concludes that CIVIX has not met its burden of showing that venue is clearly more appropriate in the Eastern District of Virginia. Although neither party has strong connections to this district, CIVIX has repeatedly pursued litigation over the patents at issue in this district. Additionally, this case is a strong candidate for consolidation with the *LoopNet* litigation pending in this district, and such consolidation is strongly favored to preserve judicial resources and to avoid inconsistent outcomes. Furthermore, to the extent the parties desire an expedited schedule to trial, such as is done in the Eastern District of Virginia, this court will do its best to accommodate them.

CONCLUSION

For the reasons stated above, the court denies CIVIX's "Motion to Transfer This Case Under 28 U.S.C. § 1404(a)." (Dkt. No. 14.) Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before 10/30/12. The case is set for status and entry of a scheduling order at 9:00 AM on 11/1/12. The parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: October 18, 2012