IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 12 C 4968<br>) |
| CIVIX-DDI, LLC, | )<br>) |
| Defendant. | ) |
| CIVIX-DDI, LLC, | )<br>) |
| Plaintiff, | )<br>) No. 12 C 7091 |
| v. | )<br>) |
| LOOPNET, INC., | )<br>) |
| Defendant. | ) |
| CIVIX-DDI, LLC, | )<br>) |
| Plaintiff, | )<br>) No. 12 C 8632 |
| v. | )<br>) |
| LOOPNET, INC., | )<br>) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER DENYING
COSTAR'S AND LOOPNET'S PENDING MOTIONS [DKT. 214, 218, 220, 226]

JAMES F. HOLDERMAN, District Judge:

In these three consolidated cases, patent holder CIVIX-DDI, LLC ("CIVIX") alleges infringement by CoStar Realty Information, Inc. ("CoStar") and LoopNet, Inc. ("LoopNet") (collectively "CoStar/LoopNet"). In 12 C 4968, CIVIX alleges that CoStar has infringed three of

its patents, U.S. Patent No. 6,385,622 ("the '622 Patent"), U.S. Patent No. 6,415,291 ("the '291 Patent"), and U.S. Patent No. 8,296,335 ("the '335 Patent"). (Dkt. No. 108.)[1] Similarly, in 12 C 8632, CIVIX alleges that LoopNet infringed the '335 Patent (12 C 8632, Dkt. 1), and in 12 C 7091 CIVIX alleges that LoopNet infringed the '622 and '291 Patents (12 C 7091, Dkt. 1). CoStar/LoopNet deny infringement.

Discovery has proceeded and all requested claim construction has been completed. (Dkt. 179.) The CoStar/LoopNet entities have filed a joint *Daubert* motion to exclude the testimony of CIVIX's expert Frances McCloskey (Dkt. 214). CoStar and LoopNet each have filed motions for partial summary judgment of non-infringement on CIVIX's '335 Patent and '622 Patent, (Dkt. 220, 226) implicitly conceding that a dispute regarding the material facts pertaining to CIVIX's '291 Patent exist. The court provided the factual background of these cases in its claim construction ruling (Dkt. 179, pp.3-5) and will not repeat the factual background here. Below are the court's key reasons the pending motions are denied.

    I.  CoStar/LoopNet's *Daubert* Motion to Exclude Testimony of Frances McCloskey ("McCloskey") CIVIX's Damages Expert (Dkt. 214)

CoStar/LoopNet attack McCloskey's methodology in reaching her opinion on the issue of CIVIX's damages, arguing basically that McCloskey used the wrong hypothetical negotiation date. The Federal Circuit earlier this year made it clear in reversing an exclusion of expert testimony by Seventh Circuit Judge Richard Posner, when he was designated to sit as a district judge in a case transferred to the Northern District of Illinois, "that estimating 'a reasonable royalty' is not an exact science, . . . there may be more than one reliable method. . . ." *Apple Inc. v. Motorola, Inc.,* 757 F.3d 1286, 1315, (Fed. Cir. 2014).

---

[1] Unless otherwise indicated, citations to the docket are to the docket of 12 C 4968.

The fact that McCloskey's methodology differs from that of the CoStar/LoopNet expert James Malackowski does not establish McCloskey's opinion's unreliability as a matter of law. Opposing experts' use of different analytic approaches is not unusual. S*ee, e.g., In re Innovatio IP Ventures Patent Litig.*, MDL 2303, 2013 WL 5593609 at *30-40 (N.D. Ill. Oct. 3, 2013).

Here, as mentioned above, CoStar/LoopNet primarily premise their *Daubert* motion to exclude McCloskey's testimony on what CoStar/LoopNet assert in their motion is "her using the wrong hypothetical negotiation date." (Dkt. 214, p.1.) In fact, the key complaint that CoStar/LoopNet make is that McCloskey used facts and events that occurred after the 2002 hypothetical negotiation date to verify her opinion. That also does not establish unreliability of her expert opinion as a matter of law. An argument could be made that McCloskey's using post-2002 facts to check the veracity of her opinion about hypothetical negotiations in 2002 actually enhances her opinion's reliability, while Malackowski not checking his 2002 hypothetical estimates against subsequent reality detracts from the credibility of his opinion. At its best, this area of both experts' opinions is fodder for examination at trial before the jury, not grounds for pretrial exclusion in this case.

CoStar/LoopNet also argues boldly that McCloskey's opinion **"VIOLATES THE ENTIRE MARKET RULE."** (Dkt. 21, p.10). The court believes at this juncture the analysis McCloskey employed to come to her opinion appears sufficiently supported by legally accepted methodology to allow a jury to determine its credibility. Further scrutiny will take place at the trial, and if the evidence demonstrates McCloskey's testimony should be excluded, it will be. *See Vinnetx, Inc. v. Cisco Systems, Inc.*, ___ F.3d ___, 2014 WL 4548722 (Fed. Cir. Sept. 16, 2014). If a proper foundation is laid at trial, McCloskey's proposed testimony and opinions that are

3

adequately shown to comport with the alphabetized subsections of Fed. R. Evid. 702, as well as *Daubert* and its progeny will be allowed. This motion is denied.

II. CoStar's Motion for Partial Summary Judgment (Dkt. 220)

CoStar's motion for partial summary judgment (Dkt. 220), which seeks to avoid a jury trial on two of the three CIVIX's patents that CoStar is accused of infringing, displays more issues of material fact than it resolves. The motion is denied in its entirety. CIVIX's case against CoStar will proceed to trial unless the parties settle. The court will comment below as to the further basis regarding each CIVIX patent at issue in this motion. Should CIVIX at trial fail to present sufficient evidence to support a jury finding that CoStar is guilty of infringing the claims of any CIVIX patent, the court will address any appropriate motion at that time.

A. CIVIX's Patent '335

CoStar, in its primary argument of non-infringement as to the '335 Patent, contends the undisputed material facts show that a search on its "Property Professional" product, among its other products, does not satisfy the required "request [in a single electronic representation] containing (a) at least one user-selected category and (b) a user-selected geographic vicinity." (Dkt. 232, p.9.)

This position appears to be contrary to the depositions testimony of CoStar's Chief Information Officer Frank Simuro ("Simuro") regarding the effect of a user clicking on the "Get Results" button in CoStar's Property Professional product, quoted by CIVIX on page 5 of its Memorandum in Opposition (Dkt. 258). From this, infringement could be inferred when considered in the light most favorable to CIVIX as is legally required at this stage of the case. CIVIX's position is bolstered further by the anticipated testimonial analysis of CIVIX's experts and demonstrates a material dispute of fact exists. The facts will have to be presented to and

4

resolved by the trial jury. No further discussion here is necessary because a jury trial regarding the alleged infringement of CIVIX's '335 Patent must proceed.

      B.      CIVIX's '622 Patent

As stated on page 2 of Docket Entry 179, the parties stipulated that the phrase a "request signal representative of a selected category and geographic vicinity," in dependent Claim 20 (through independent Claim 1) means "a single electronic representation of a user's selection of at least one category and at least one geographic vicinity." (Dkt. 179, p.2). This agreement plus the inferences that must be drawn in CIVIX's favor as to the testimony of CoStar's CIO Simuro referenced above, as well as the admissible analysis of CIVIX's experts, sufficiently show a material dispute of fact to require a trial on what CIVIX asserts is infringement of its '622 Patent. No more need be said at this juncture. The jury trial should proceed.

      III.    LoopNet's Motion for Partial Summary Judgment [Dkt. 226]

CIVIX alleges LoopNet infringes the three patents-in-suit through its activities with respect to its website (collectively "Accused Website"). LoopNet's partial summary judgment motion applies only to the CIVIX '622 Patent and '335 Patent. LoopNet's motion has to be denied because the record shows that what LoopNet has presented as undisputed material facts related to each alleged infringed patent are disputed. Each patent of the two CIVIX patents is addressed below.

      A.  CIVIX's '622 Patent

LoopNet advances two primary arguments in support of its motion on this patent: (1) its Accused Website does not transmit video (Claim 20) or digital pictures (Claim 26) in the "same transmission" as the system's response to the user's category of geographic vicinity selections (Dkt. 226, p.4-9); (2) its Accused Website does not transmit multiple digital pictures for at least

5

one of the items of interest (*Id.,* pp.10-11). The material facts, when construed in favor of non-movant CIVIX, demonstrate a genuine dispute is present.

In the court's claim construction ruling, the court stated:

> In addition, the court will instruct the jury that claim 18 of the '622 Patent "requires that the portion of information transmitted to the user must include both the geographic position of the item of interest and additional detail about the item of interest in the same transmission." (Dkt. 179, p.32.)

Claims 20 and 26 are dependent claims of Claim 18 in CIVIX's '622 Patent.

Viewing the evidence, as the court must at this stage in the proceeding, the factual questions of whether the factual circumstances of the Accused Website's response to a user's inquiry is the same transmission is for the jury, when instructed as stated above, to decide in making the jury's factual determinations based on the evidence presented at a trial as to the issue of infringement or non-infringement of Claim 20 of CIVIX's '622 Patent.

The same holds true for Claim 26. Given the two ways the Accused Website apparently delivers multiple digital pictures related to an item of interest, the jury will have to decide the factual question of the Accused Website's infringement or non-infringement of Claim 26 of CIVIX's '622 Patent, while applying the court's definition of the claim term "same transmission." *See, Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1262 (Fed. Cir. 2013); *Lazare Kaplan Int'l, Inc. V. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1375-76 (Fed. Cir. 2010). LoopNet's remaining arguments as to the '622 Patent fall within this same category, and the court must let the jury decide the dispute as to the material facts that exists.

LoopNet's arguments fail to persuade the court that its claim construction precludes CIVIX from being allowed to make a presentation at trial of the facts. Neither the Federal Circuit's opinions in *Versata Software*, nor *Lazare Kaplan Int'l*, nor any other opinion of the Federal Circuit the court could find in its research supports the position LoopNet argues that this

6

court should prevent the jury from determining factual questions regarding infringement of the construed claims of CIVIX's '622 Patent.

B.  CIVIX's '335 Patent

As to the '335 Patent, LoopNet argues the Accused Website does not include "a plurality of advertisements."  Nothing in the court's claim construction ruling (Dkt. 179) requires that the "paid promotions," which was the court's interpretation of the claim term "advertisements," be found on the "Results" page that is returned in response to a user's initial search.  Additionally, there was no requirement set out in the court's claim construction (Dkt. 179) that the paid promotions be in direct or immediate response to a user's request.  The "paid promotions" within the scope of CIVIX's '335 Patent's claims, unless expressly limited in a claim as they are not in Claim 1 of CIVIX's '335 Patent, may be a part of or within other responses to the user beyond the "Results" page and beyond those that are direct or immediate.

There is a genuine issue of material fact whether the Accused Websites infringe Claim 1 of CIVIX's '335 Patent.  This material factual dispute will have to be resolved a trial.

CONCLUSION

For the reasons stated in this opinion, the court orders that CoStar's and LoopNet's *Daubert* Motion to Exclude the Testimony of Frances McCloskey (Dkt. 214) is denied.  Pending Motion to Seal Memorandum (Dkt. 218) is granted.  CoStar's Motion for Partial Summary Judgment of Non-Infringement of the '335 and '622 Patents by the CoStar Suite Products (Dkt. 220) is denied.  LoopNet, Inc.'s Motion for Partial Summary Judgment (Dkt. 226) is denied.

Other pending motions are moot. The parties are once again encouraged to discuss settlement and report on status at 9:00 a.m. on 10/30/2014.

ENTERED:

_____
James F. Holderman
United States District Judge

Date: September 30, 2014